UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

In re                                                            Chapter 11

      Mendel Paneth,                              Case no. 22-41414

                          Debtor.
----------------------------------------------------------x

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):  David Reiner, Kidline Enterprises Inc., Tele Go Inc., Infinite Solutions NY Inc., Chaim Kohn, JCR Printing and Yossi Reiner

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   ❑ Plaintiff
   ❑ Defendant
   ❑ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
   ❑ Debtor
   ☒ Creditor
   ❑ Trustee
   ☒ Other (describe)  Party in interest

## Part 2:  Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: Order Denying Motion to Lift Stay to Compel Arbitration and Declining to Permissively Abstain

2. State the date on which the judgment, order, or decree was entered:  02/09/2024

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: David Reiner         Attorney:  Mark Frankel
   Kidline Enterprises, Inc.               Backenroth Frankel & Krinsky, LLP
                                                        488 Madison Ave. Fl 23
                                                        New York, NY  10022
                                                        (212) 593-1100

2. Party: Mendel Paneth       Attorney:  Paul Hollender
                                                        Corash & Hollender, P.C
                                                        1200 South Avenue, Suite 201
                                                        Staten Island, NY  10314
                                                        (718) 442-4424

3. Party: <u>Sarah Paneth</u>      Pro Se:    85 Bolivar St.
                                              Staten Island, NY  10314

4. Party: <u>Tele Go Inc.</u>
          <u>Infinite Solutions NY Inc.</u>
          <u>Chaim Kohn</u>
          <u>JCR Printing</u>
          <u>Yossi Reiner</u>

                      Attorney:   Elliot J. Blumenthal
                                  Law Offices of Elliot J. Blumenthal, PLLC
                                  483 Chestnut St.
                                  Cedarhurst, NY  11516
                                  (516) 295-0903

5. Party: <u>Krista M. Preuss</u>   Attorney:   Krista M Preuss
                                                100 Jericho Quadrangle, Ste 127
                                                Jericho, NY  11753
                                                (516) 622-1340

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below.  Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

❏ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

<u>/s/ Mark Frankel</u>                                                      Date: <u>02/21/2024</u>
Signature of attorney for appellant(s) David Reiner
and Kidline Enterprises, Inc.:
Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

    Mark Frankel
    Backenroth Frankel & Krinsky, LLP
    488 Madison Ave. Fl 23
    New York, NY  10022
    (212) 593-1100

<u>/s/ Elliot J. Blumental</u>                                                Date: <u>02/21/2024</u>
Signature of attorney for appellant(s) Tele Go Inc.,
Infinite Solutions NY Inc., Chaim Kohn, JCR Printing
and Yossi Reiner
Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

    Elliot J. Blumenthal
    Law Offices of Elliot J. Blumenthal, PLLC
    483 Chestnut St.
    Cedarhurst, NY  11516
     (516) 295-0903

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:**  If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

JS 44 (Rev. 4/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
David Reiner, Kidline Enterprises Inc., Tele Go Inc., Infinite Solutions NY Inc., Chaim Kohn, JCR Printing and Yossi Reiner

**(b)** County of Residence of First Listed Plaintiff: **Kings**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mark Frankel, Backenroth Frankel & Krinsky, LLP, 488 Madison Ave. Fl 23, New York, NY 10022, (212) 593-1100 for David Reiner and Kidline Enterprises Inc.
Elliot J. Blumenthal, Law Offices of Elliot J. Blumenthal, PLLC, 483 Chestnut St., Cedarhurst, NY 11516 (516) 295-0903 for Tele Go Inc., Infinite Solutions NY Inc., Chaim Kohn, JCR Printing and Yossi Reiner

## DEFENDANTS
Mendel Paneth and Sarah Paneth

County of Residence of First Listed Defendant: **Richmond**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Paul Hollender, Corash & Hollender, P.C., 1200 South Avenue, Suite 201, Staten Island, NY 10314 (718) 442-4424

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

Does this action include a motion for temporary restraining order or order to show cause? Yes [ ] No [ ]

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [x] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 340 Marine | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 196 Franchise | / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | |
| | [ ] 362 Personal Injury - Medical Malpractice | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | | [ ] 864 SSID Title XVI | |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | | | | |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | |
| | / **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 446 Amer. w/Disabilities - Other / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | / [ ] 550 Civil Rights | | | |
| | [ ] 448 Education / [ ] 555 Prison Condition | | | |
| | / [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Appeal from Order Denying Motion to Lift Stay to Compel Arbitration and Declining to Permissively Abstain

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____    DOCKET NUMBER _____

DATE                                                 SIGNATURE OF ATTORNEY OF RECORD
/s/Mark A Frankel, 02/21/2024    /s/ Elliot J. Blumenthal, 02/21/2024

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, Mark Frankel, counsel for David Reiner and Kidline Enterprises, Inc., do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐ monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐ the complaint seeks injunctive relief,

☒ the matter is otherwise ineligible for the following reason: This is a Bankruptcy Appeal

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?     ☐ Yes     ☒ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?     ☐ Yes     ☒ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?     ☐ Yes     ☒ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?     ☐ Yes     ☒ No
(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☒ Yes     ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes     (If yes, please explain     ☒ No

I certify the accuracy of all information provided above.

**Signature:** /s/ Mark Frankel

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, Elliot J. Blumenthal, counsel for Tele Go Inc., Infinite Solutions NY Inc., Chaim Kohn, JCR Printing and Yossi Reiner, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐ monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐ the complaint seeks injunctive relief,

☒ the matter is otherwise ineligible for the following reason: This is a Bankruptcy Appeal

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?   ☐ Yes   ☒ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?   ☐ Yes   ☒ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?   ☐ Yes   ☒ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?   ☐ Yes   ☒ No
(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☒ Yes     ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes   (If yes, please explain    ☒ No

I certify the accuracy of all information provided above.

Signature: /s/ Elliot J. Blumenthal

Last Modified: 11/27/2017

JS 44 Reverse (Rev. 04/21)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
 (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
 (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

In re:                                                                                    Chapter 13

Mendel Paneth,                                                              Case No. 1-22-41414-NHL

                                              Debtor.

-------------------------------------------------------------------x

## ORDER DENYING MOTION TO COMPEL ARBITRATION AND DECLINING TO PERMISSIVELY ABSTAIN

WHEREAS, on June 19, 2022, Mendel Paneth (the "Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code, which was eventually converted to a case under chapter 13; and

WHEREAS, on September 20, 2022, Kidline Enterprises Inc. (hereinafter, "Kidline") and David Reiner (hereinafter, "Reiner," and, together with Kidline, the "Creditors") commenced Adversary Proceeding No. 22-01076-nhl against the Debtor, seeking a determination that the Creditors' claims are non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2), (a)(4), and (a)(6), based upon, among other things, the Debtor's alleged transfers of Kidline's assets (the "Adversary Proceeding"); and

WHEREAS, on September 23, 2022, the Creditors filed the instant motion for an order (i) compelling arbitration under the Federal Arbitration Act; (ii) vacating the automatic stay under 11 U.S.C. § 362(d)(1) so that the pending rabbinical arbitration of the dispute between the parties may proceed; and (iii) waiving the 14-day stay pursuant to Bankruptcy Rule 4001(a)(3) [ECF No. 33] (the "Motion to Compel Arbitration"); and

1

WHEREAS, the Debtor and Sarah Paneth filed opposition to the Motion to Compel Arbitration [ECF Nos. 43-44, 50, 56, 73] (collectively, the "Opposition"); and

WHEREAS, the Creditors filed replies in support of the Motion to Compel Arbitration on November 12, 2022 and December 5, 2022 [ECF Nos. 59, 76-77]; and

WHEREAS, hearings on the Motion to Compel Arbitration and pre-trial conferences on the Adversary Proceeding were held and adjourned from time to time; and

WHEREAS, at hearings on January 12, 2023, the Court *sua sponte* raised the issue of permissively abstaining from the Adversary Proceeding under 28 U.S.C. § 1334(c); and

WHEREAS, the Court adjourned the hearing on January 12, 2023 to March 9, 2023, to afford the parties time to file briefs on whether the Court should abstain from hearing the Adversary Proceeding until the underlying claims for liability and damages against the Debtor are determined in arbitration; and

WHEREAS, on February 17, 2023, the creditors filed a memorandum of law in support of abstention [ECF No. 94], the Debtor filed a declaration and memorandum of law in opposition to abstention [ECF Nos. 95, 96], and interested parties Tele Go Inc., Infinite Solution NY Inc., Chaim Kohn, JCR Printing and Yossi Reiner, filed a declaration of counsel in support of abstention [ECF No. 93]; and

WHEREAS, subsequent hearings were held and adjourned from time to time, and on July 10, 2023, the Court issued an order appointing and authorizing the Hon. Shira Scheindlin to serve as a mediator with respect to the issues raised by the Motion to Compel Arbitration and the Adversary Proceeding [ECF No. 138]; and

WHEREAS, unfortunately, the mediation was unsuccessful; and

WHEREAS, a hearing was held before this Court on February 7, 2024 (the "Hearing"), at which Paul Hollender, Esq. (Counsel to Debtor), Mendel Paneth (Debtor), Sarah Paneth (Interested Party) Mark Frankel, Esq. (Counsel to Kidline Enterprises Inc, David Reiner), Karamvir Dahiya, Esq. (Special Counsel to Debtor), Hanin Shadood, Esq. (Counsel to Trustee), and David N. Saponara, Esq. and Paul H. Aloe, Esq. (Counsel to Kidline Enterprises Inc. et al) appeared; and

WHEREAS, at the Hearing, the Court read a decision into the record, which is incorporated herein by reference;

NOW, THEREFORE, for the reasons stated on the record on February 7, 2024, it is

ORDERED, that the Motion to Compel Arbitration is denied in its entirety, and the Opposition is sustained; and it is further

ORDERED, that the Court will decline to permissively abstain from the Adversary Proceeding pursuant to 28 U.S.C. § 1334.



Dated: February 8, 2024
Brooklyn, New York

Nancy Hershey Lord
United States Bankruptcy Judge

3

# Notice Recipients

District/Off: 0207−1   User: admin   Date Created: 2/23/2024
Case: 1−22−41414−nhl   Form ID: pdf000   Total: 6

**Recipients of Notice of Electronic Filing:**
ust   Office of the United States Trustee   USTPRegion02.BR.ECF@usdoj.gov
tr    Krista M Preuss   info@ch13edny.com
aty   Mark A. Frankel   mfrankel@bfklaw.com
aty   Paul Hollender   info@silawfirm.com

TOTAL: 4

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
          Sarah Paneth   85 Bolivar Street   Staten Island, New York 10314
          Elliot J. Blumenthal   Law Offices of Elliot J. Blumenthal, PLLC   483 Chestnut St.   Cedarhurst, NY 11516

TOTAL: 2